```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STEPHEN SCHWEIZER, | 1:17-cv-00960-NLH-JS |
| Plaintiff, | **OPINION** |
| v. | |
| MIDDLE TOWNSHIP MAYOR AND GOVERNING BODY, POLICEMAN JEFFREY SALVESEN, POLICEWOMAN MARY CREAMER, POLICEMAN STEVEN HANSE, JOHN DOE(S) A-Z, | |
| Defendants. | |

**APPEARANCES**:

KEITH J. GENTES
MALAMUT & ASSOCIATES, LLC
457 HADDONFIELD ROAD
SUITE 500
CHERRY HILL, NJ 08003
    On behalf of Plaintiff

A. MICHAEL BARKER
BARKER, GELFAND & JAMES
LINWOOD GREENE
210 NEW ROAD
SUITE 12
LINWOOD, NJ 08221
    On behalf of Defendants

**HILLMAN, District Judge**

    This matter concerns claims by Plaintiff that Middle Township, New Jersey police officers used excessive force during a traffic stop. Presently before the Court is the motion of Defendants "Middle Township Mayor and Governing Body" to dismiss Plaintiff's claims against them. For the reasons expressed

below, Defendants' motion will be granted.

### BACKGROUND

On February 14, 2015, Plaintiff, Stephen Schweizer, was driving his car on Route 47 in Middle Township, Cape May County, New Jersey.  Plaintiff claims that he was on his way home, which was a short distance away, and he was obeying the 25 mph speed limit and all traffic signals and road signs.  Plaintiff claims that Defendant Officer Jeffrey Salvesen was operating his Middle Township police vehicle and noticed that Plaintiff's car had a flat tire.  Plaintiff claims that Salvesen turned on his overhead lights in an attempt to stop Plaintiff, but Plaintiff did not pull over.  Plaintiff claims that he continued driving the speed limit to his home, and pulled into his driveway.

Plaintiff claims that Salvesen pulled in front of Plaintiff's house, got out of his police vehicle, drew his weapon, and proceeded to run toward Plaintiff.  Plaintiff claims that Salvesen holstered his weapon and without provocation, physically tackled Plaintiff to the ground placing him face down on his concrete driveway.  Plaintiff claims that Salvesen was joined by Defendant Officer Mary Creamer, and both officers proceeded to beat Plaintiff with their closed fists, knees, and elbows, despite the fact that Plaintiff was not asserting any substantial resistance other than to protect himself from the physical assault by the two officers.

Plaintiff claims that Defendants smashed his head onto the concrete driveway, causing him to lose consciousness.  Plaintiff also claims that other officers appeared at the scene and he was further beaten and sprayed in the eyes with Oleoresin Capsicum spray while he lay handcuffed on the ground.  Plaintiff claims that Defendants' beating caused him to suffer a traumatic brain injury, fractured nose, fractured orbital bones, permanent back, neck and other injuries.

Plaintiff alleges that the officers' actions constituted excessive force and a violation of the Township's Use of Force Policy, New Jersey Attorney General's Use of Force Policy, and the New Jersey Police Training Commission Performance Objectives.  Plaintiff also claims that other officers failed to intervene to protect him from the unlawful use of force by Salvesen, Creamer, and the other officers who beat him. Plaintiff further claims that Salvesen and Creamer filed false charges against him for aggravated assault in order to cover up their unlawful use of force.

Based on these claims, Plaintiff alleges violations of his Fourth Amendment rights against Salvesen, Creamer, and Defendant Officer Steven Hanse for their use of excessive force, and for assault and battery under New Jersey state law.[1]  Plaintiff has

---

[1] Plaintiff's complaint does not specifically assert a claim against the officers for filing false police reports.

asserted claims against "Middle Township Mayor and Governing Body" for failing to properly train Middle Township officers in the use of force, by fostering a policy and custom of using unlawful force, and hiring Hanse even though he had a history of civil rights abuses.

Defendants "Middle Township Mayor and Governing Body" have moved to dismiss Plaintiff's claims against them for Plaintiff's lack of specificity as to the identity of the mayor and the members of the governing body, and how those individuals violated Plaintiff's constitutional rights. Defendants additionally move do dismiss what appear to be claims against the Township for municipal liability under <u>Monell v. Dept. of Social Services of City of New York</u>, 436 U.S. 658, 694 (1978) because of Plaintiff's boilerplate pleading without any factual underpinning as to how liability could be imposed against the municipality. Plaintiff has not opposed Defendants' motion.

## **DISCUSSION**

### A. **Subject matter jurisdiction**

Plaintiff has brought claims pursuant to 42 U.S.C. § 1983 and New Jersey state law. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4

**B. Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6),[2] a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

---

[2] Defendants state they are moving to dismiss pursuant to Fed. R. Civ. P. 12(c), which is applicable "when the pleadings are closed." Because Defendants have not filed their answer, however, the pleadings are not closed. Rule 12(c) applies the same standard as Rule 12(b)(6), so Defendants' invocation of Rule 12(c) is procedurally and substantively harmless.

5

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed district courts to apply a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the

6

"Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented

to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

**C. Analysis**

Defendants argue that Plaintiff's claims against "Middle Township Mayor and Governing Body" fail because they do not satisfy the Twombly/Iqbal standard. The Court agrees.

Under Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978), "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Liability may be imposed against a municipality under Monell "when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its employees." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014) (citations omitted). "[M]unicipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with

respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986). A policymaker is a person who is "responsible for establishing final government policy respecting" the activity in question and "whether an official had final policymaking authority is a question of state law." Id.

A § 1983 claim based on the policymaker's failure to train or supervise employees "must amount to 'deliberate indifference to the rights of persons with whom the [untrained or unsupervised employees] come into contact.'" Connick v. Thompson, 563 U.S. 51, 61 (2011) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)). "[W]hen city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." Connick, 563 U.S. at 61. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Id.

In order to properly plead a failure to train claim against a municipality, a plaintiff must plead facts showing that (1) the policymaker (2) had notice and (3) "consciously disregarded an obvious risk that the officer[s] would subsequently inflict a particular constitutional injury," and (4) this deliberate

9

indifference caused the officers' to use excessive force on Bard. Bd. of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 411 (1997); Connick, 563 U.S. at 58-62.

Plaintiff has failed to plead such facts with the level of specificity required by Twombly/Iqbal for his policy and custom claims or his failure-to-train claims. First, Plaintiff does not identify the mayor or name the relevant policymaker or policymakers who allegedly failed to train and supervise the Middle Township police officers or unlawfully hired Defendant Hanse. Plaintiff also fails to plead how each individual defendant acted or did not act with regard to training, supervising, or hiring. Both pleading deficiencies are fatal to those claims. See Jett v. Dallas Independent School Dist., 491 U.S. 701, 737 (1989) (explaining that identifying the officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue must be determined before the determination of whether their decisions have caused the deprivation of rights); see also Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to [] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Second, Plaintiff merely provides conclusory allegations as to the municipal defendants' policy, custom, and training failures, without any factual support. For example, Plaintiff alleges that the "failures and inadequacies of training, education, and supervision, and hiring, were knowingly and intentionally part of the Township's policies, practices, customs and procedures. The Defendant, Township authorized, permitted, ratified and thereby encouraged, the misconduct and activities as alleged [in the complaint]." (Docket No. 1 at 12.) Plaintiff further alleges that the "failure to establish, abide, and monitor lawful police policies and procedures resulted in the police officers establishing unlawful policies and practices which have resulted in a pattern and practice of violating the civil rights of the Township's citizens, including but not limited to, the violation of the Plaintiff's rights," and "Defendant, Township was deliberately indifferent to the high degree of probability that the aforesaid misconduct would occur; therefore, the deliberate conduct of the Defendant, and/or its agents, servants and/or employees was the direct and proximate cause of the Plaintiffs' injuries." (Id.)

All of these allegations are simply conclusory restatements of the legal elements of unconstitutional policy, custom, and failure to train claims under Monell, without any facts to show how Middle Township became aware of a pattern and culture of

unconstitutional behavior by its officers, when and under what circumstances such events occurred, how Middle Township failed to properly train its officers, or show the nature of the policy or custom that fostered the use of excessive force by the officers.  See Brown, 520 U.S. at 405 (explaining that in order to prove a constitutional violation claim against a municipality, a plaintiff must provide "proof that a municipality's legislative body or authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right [that] necessarily establishes that the municipality acted culpably.  Similarly, the conclusion that the action taken or directed by the municipality or its authorized decisionmaker itself violates federal law will also determine that the municipal action was the moving force behind the injury of which the plaintiff complains").

Even though in order to survive a motion to dismiss Plaintiff is not required to plead the level of proof needed to ultimately prove his municipal liability claims, Plaintiff must do more than he has pleaded here.  Iqbal provides the precise explanation as to why Plaintiff's claims are deficient, and this Court has set forth the reasoning of Iqbal when dismissing similarly pled Monell claims in several other cases.  See, e.g., Estate of Bard v. City of Vineland, 2017 WL 4697064, at *4 (D.N.J. 2017) (discussing Zampetis v. City of Atlantic City,

2016 WL 5417195, at *6 (D.N.J. 2016)). In Zampetis, this Court explained that in Iqbal, the complaint claimed that Attorney General John Ashcroft and FBI Director Robert Mueller violated Iqbal's equal protection rights by condoning and agreeing to subject Iqbal to harsh conditions of confinement solely on account of his race, religion and/or national origin. The U.S. Supreme Court held that the allegation that Ashcroft and Mueller discriminated against him "on account of [his] religion, race, and/or national origin and for no legitimate penological interest" was a conclusory and formulaic recitation of the elements of a constitutional discrimination claim, and could not be assumed to be true. Zampetis, 2016 WL 5417195, at *6 (citing Iqbal, 556 U.S. at 681). The Supreme Court found that the factual allegation that Ashcroft and Mueller adopted a policy of approving harsh conditions of confinement for post-September 11 detainees until the FBI cleared them did not plausibly suggest that Ashcroft and Mueller purposefully discriminated against the detainees because of their race, religion or national origin and, therefore, did not state a claim for purposeful discrimination claim against these high ranking defendants. Id.

As in Iqbal, and also in Bard and Zampetis, Plaintiff's conclusory contention that an infirm policy, or custom, or training practice by Middle Township caused his injuries is insufficient to properly plead a viable Monell claim. In

13

addition to identifying the relevant policymakers and their specific participation in the alleged violations, Plaintiff is required to provide facts – not simply regurgitate all the legal bases for liability under Monell - to support his contentions and adequately plead his claims against the municipality. Because of Plaintiff's failure to do so, Plaintiff's claims against "Middle Township Mayor and Governing Body" must be dismissed.

## CONCLUSION

For the reasons expressed above, the motion of Defendants "Middle Township Mayor and Governing Body" to dismiss Plaintiff's claims against them must be granted.[3]

An appropriate Order will be entered.

Date: April 30, 2018      s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.

---

[3] The Third Circuit has directed in civil rights cases the "district courts must offer amendment irrespective of whether it is requested when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Even though Plaintiff did not file an opposition to Defendants' motion to dismiss, and he has not requested to file an amended complaint, the Court will dismiss Plaintiff's claims against "Middle Township Mayor and Governing Body" without prejudice, and permit Plaintiff to file an amended complaint within 30 days if he can do so in compliance with Federal Civil Procedure Rules 8 and 11 and the standards set forth by Twombly and Iqbal. Thereafter, Plaintiff may only file an amended complaint pursuant to Federal Civil Procedure Rule 15.